**Nos. 23-124, 23-150 & 23-188**

## UNITED STATES COURT OF APPEALS FOR
## THE NINTH CIRCUIT

—————————————

**MACY'S INC.**
**Petitioner/Cross-Respondent**

**v.**

**NATIONAL LABOR RELATIONS BOARD**
**Respondent/Cross-Petitioner**

**and**

**INTERNATIONAL UNION OF OPERATING ENGINEERS,**
**STATIONARY ENGINEERS, LOCAL 39**
**Intervenor**

—————————————

**INTERNATIONAL UNION OF OPERATING ENGINEERS,**
**STATIONARY ENGINEERS, LOCAL 39**
**Petitioner**

**v.**

**NATIONAL LABOR RELATIONS BOARD**
**Respondent**

**and**

**MACY'S INC.**
**Intervenor**

—————————————

**ON PETITIONS FOR REVIEW AND CROSS-APPLICATION FOR ENFORCEMENT OF**
**AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD**

—————————————

**SUPPLEMENTAL BRIEF FOR THE NATIONAL LABOR RELATIONS BOARD**

—————————————

**JENNIFER A. ABRUZZO**
*General Counsel*
**PETER SUNG OHR**
*Deputy General Counsel*
**RUTH E. BURDICK**
*Deputy Associate General Counsel*
**DAVID HABENSTREIT**
*Assistant General Counsel*

**USHA DHEENAN**
*Supervisory Attorney*
**BARBARA A. SHEEHY**
*Attorney*
*National Labor Relations Board*
**1015 Half Street, SE**
**Washington, DC 20570**
**(202) 273-2948**
**(202) 273-0094**

# TABLE OF CONTENTS

**Headings**                                                    **Page(s)**

Introduction and summary ........................................................1

Argument........................................................................3

I.    The Court lacks jurisdiction to consider a Seventh Amendment question based on *Jarkesy* ..................................................3

II.   The Board's remedial order is unaffected by *Jarkesy* ..............................5

   A. *Jarkesy* did not disturb longstanding precedent applying the public-rights exception to the Board's proceeding ...................................6

   B. Pursuant to *Jarkesy*, the Seventh Amendment is not implicated in this case ..................................................9

      1. The cause of action here is unknown to common law........................9

      2. The Board's *Thryv* remedy is equitable in nature.............................10

Conclusion ..................................................................13

i

## Table of Authorities

**Cases**                                                                  **Pages(s)**

*Agostini v. Felton*,
521 U.S. 203 (1997)..................................................................7

*Atlas Roofing Co. v. OSHRC*,
430 U.S. 442 (1977).......................................................... 6, 7, 11

*Curtis v. Loether*,
415 U.S. 189 (1974)..............................................................6, 9

*Granfinanciera, S.A. v. Nordberg*,
492 U.S. 33 (1989)...............................................................5, 8

*Greenwood v. FAA*,
28 F.3d 971 (9th Cir. 1994) ......................................................4

*ILGWU v. Quality Mfg. Co.*,
420 U.S. 276 (1975)...............................................................3

*Mitchell v. Robert DeMario Jewelry, Inc.*,
361 U.S. 288 (1960)..............................................................12

*Nat'l Licorice Co. v. NLRB*,
309 U.S. 350 (1940)...............................................................8

*NLRB v. G.W. Thomas Drayage & Rigging Co.*,
206 F.2d 857 (9th Cir. 1953) .....................................................3

*NLRB v. Jones & Laughlin Steel Corp.*,
301 U.S. 1 (1937)......................................................... 6, 7, 9, 12

*NLRB v. Legacy Health Sys.*,
662 F.3d 1124 (9th Cir. 2011) ...................................................3

*NLRB v. RELCO Locomotives, Inc.*,
734 F.3d 764 (8th Cir. 2013) ..................................................3, 4

*Novato Healthcare Ctr. v. NLRB*,
916 F.3d 1095 (D.C. Cir. 2019)..................................................3

## Table of Authorities (cont'd)

**Cases**                                                                                    **Pages(s)**

*SEC v. Jarkesy*,
  144 S. Ct. 2117 (2024)......................................................... 2, 4, 5, 6, 7, 8, 9, 10, 11

*Sure-Tan, Inc. v. NLRB*,
  467 U.S. 883 (1984).......................................................................................3

*Thryv, Inc.*,
  372 NLRB No. 22, 2022 WL 17974951 (Dec. 13, 2022) , *enforcement denied on
  other grounds*, 102 F.4th 727 (5th Cir. 2024) ........................................... 1, 10, 11

*Tull v. United States*,
  481 U.S. 412 (1987)............................................................................... 10, 11

*Va. Elec. & Power Co. v. NLRB*,
  319 U.S. 533 (1943)...........................................................................8, 12

*White v. McGinnis*,
  903 F.2d 699 (9th Cir. 1990) ...................................................................4

*Woelke & Romero Framing, Inc. v. NLRB*,
  456 U.S. 645 (1982)...................................................................................3

**Statutes and U.S. Constitution**                                                           **Pages(s)**

National Labor Relations Act, as amended
  (29 U.S.C. § 151 et seq.)

Section 1 (29 U.S.C. §151) .......................................................................8

Section 8(a)(1) (29 U.S.C. § 158(a)(1))....................................................9

Section 8(a)(3) (29 U.S.C. § 158(a)(3))....................................................9

Section 10(e) (29 U.S.C. § 160(e)) ...........................................................3

U.S. Const. amend. VII ............................................................................5

## SUPPLEMENTAL BRIEF FOR THE
## NATIONAL LABOR RELATIONS BOARD

———————————————

## INTRODUCTION AND SUMMARY

In relevant part, Macy's, Inc., contends on review that the Board abused its broad discretion by ordering make-whole relief for "all direct or foreseeable pecuniary harms" suffered by employees as a result of Macy's unlawful lockout, consistent with the Board's decision in *Thryv, Inc.*, 372 NLRB No. 22, 2022 WL 17974951 (Dec. 13, 2022), *enforcement denied on other grounds*, 102 F.4th 727 (5th Cir. 2024). *See* Macy's Br. 47-52. Macy's maintains that *Thryv* was wrongly decided, arguing that the ordered make-whole relief: (1) constitutes compensatory and/or consequential damages, which it asserts the Board cannot award; (2) gives the Board unfettered discretion to determine if pecuniary harm was direct or foreseeable; (3) usurps congressional authority; and (4) allows compensation for harms that would not be foreseeable. *See* Macy's Br. 47-52. As our principal brief explains, the Board's make-whole order is faithful to Congress's broad grant of authority to remedy unfair labor practices and fulfills the Board's statutory command to restore the parties to the situation, as nearly as possible, that would have obtained but for the illegal act. *See* NLRB Br. 40-51. Notably, Macy's chose not to raise a Seventh Amendment challenge before the Board or this Court.

On July 29, 2024, the Court directed the parties to file "simultaneous supplemental briefs explaining the impact, if any, of the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), on the award of remedies under the [Board's] decision in *Thryv* . . . ." *See* July 29, 2024 Order, Docket No. 83. In *Jarkesy*, the Supreme Court held that the SEC's choice to order civil penalties for securities fraud through administrative proceedings, rather than seeking them through a jury trial in federal court, violated the Seventh Amendment. 144. S. Ct. at 2127-28. In so holding, the Court cited existing Seventh Amendment precedent and did not purport to establish a new legal framework. *Id.* at 2128-39.

As shown below, the Supreme Court's opinion in *Jarkesy* does not impact the Board's make-whole remedy or create a Seventh Amendment impediment to enforcement of the Board's Order in this case. First, this Court lacks jurisdiction to consider a Seventh Amendment challenge. Second, and in any event, *Jarkesy* merely confirms that the Seventh Amendment has no application here.

2

# ARGUMENT

## I. THE COURT LACKS JURISDICTION TO CONSIDER A SEVENTH AMENDMENT QUESTION BASED ON *JARKESY*

As a preliminary matter, *Jarkesy* is irrelevant because this Court lacks jurisdiction to entertain a Seventh Amendment challenge to the Board's make-whole remedy in this case. Section 10(e) of the National Labor Relations Act ("the Act") dictates that "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e); *accord Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665-66 (1982); *NLRB v. Legacy Health Sys*., 662 F.3d 1124, 1126 (9th Cir. 2011). The text of Section 10(e) makes no exception for constitutional claims, and the Supreme Court and lower courts have therefore consistently recognized that Section 10(e) applies with equal force when a party attempts to raise new constitutional arguments. *See, e.g.*, *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896 n.7 (1984) (First Amendment claim); *ILGWU v. Quality Mfg. Co.*, 420 U.S. 276, 281 n.3 (1975) (due process claim); *NLRB v. G.W. Thomas Drayage & Rigging Co.*, 206 F.2d 857, 860-61 (9th Cir. 1953) (free speech claim); *Novato Healthcare Ctr. v. NLRB*, 916 F.3d 1095, 1107 (D.C. Cir. 2019) (free speech claim); *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795-98 (8th Cir. 2013) (Appointments Clause challenge).

Here, despite challenging the Board's *Thryv* make-whole remedy on other grounds, Macy's did not raise a Seventh Amendment objection to the Board. Although the Supreme Court's opinion in *Jarkesy* issued subsequent to the Board's Order and the completion of briefing in this case, that opinion did not purport to overrule precedent or to change the existing legal framework. *See* 144 S. Ct. at 2127-39 (applying decades-old Seventh Amendment precedent). Accordingly, there are no extraordinary circumstances excusing Macy's failure to raise a Seventh Amendment challenge, or granting the Court jurisdiction to entertain such a challenge at this late stage. *See RELCO Locomotives*, 734 F.3d at 796 ("All of the facts and legal arguments necessary to make [the forfeited argument] were available to [the employer] when its case was heard by the Board.").

Furthermore, Macy's has affirmatively waived any Seventh Amendment challenge to the Board's remedial order. It is well established that parties may waive claims under the Seventh Amendment by failing to demand a jury trial in a timely manner. *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) (en banc).[1]

In any event, to provide the information the Court requested, the Board explains why *Jarkesy* does not affect the make-whole remedy ordered under *Thryv*.

---

[1] Macy's has further waived any Seventh Amendment claim by failing to brief it to the Court. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

4

## II.    THE BOARD'S REMEDIAL ORDER IS UNAFFECTED BY *JARKESY*

The Seventh Amendment guarantees parties "the right of trial by jury" in "Suits at common law."  U.S. Const. amend. VII.  In *Jarkesy*, the Court applied its established approach to evaluating Seventh Amendment challenges.  First, for the Seventh Amendment to be implicated, the challenged agency adjudication must involve a statutory claim that is "legal in nature."  *Jarkesy*, 144 S. Ct. at 2128 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989)).  That determination turns on an examination of:  (1) the cause of action; and (2) the remedy it provides.  *Id.*, 144 S. Ct. at 2129.  Second, even if the Seventh Amendment is implicated, the "public rights" exception permits Congress to establish novel statutory schemes "assign[ing] certain matters to agencies for adjudication even though such proceedings would not afford the right to a jury trial."  *Id.* at 2127.  We address the public-rights exception first, because that analysis obviates the need for a detailed, case-specific inquiry into whether the Seventh Amendment applies to the Board's orders.  As further shown below, however, the Seventh Amendment is not implicated in this case.

### A. *Jarkesy* Did Not Disturb Longstanding Precedent Applying the Public-Rights Exception to the Board's Proceedings

This Court may resolve any doubts about the Board's make-whole remedy based solely on the public-rights exception to the Seventh Amendment.

The Supreme Court definitively held long ago—in upholding the constitutionality of the Act—that the Seventh Amendment has "no application" to the Board's unfair-labor-practice proceedings, which vindicate unique statutory rights "unknown to the common law" and which are "not [suits] at common law or in the nature of such [suits]." *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48-49 (1937). The Supreme Court has repeatedly affirmed this categorical holding that the Board's unfair-labor-practice proceedings are covered by the public-rights exception. *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 453-56 (1977) (discussing *Jones & Laughlin* as an example of Congress having created a public-rights scheme outside the reach of the Seventh Amendment); *Curtis v. Loether*, 415 U.S. 189, 194-95 (1974) (distinguishing the public-rights scheme at issue in *Jones & Laughlin* from other newly created statutory rights).

In *Jarkesy*, the Supreme Court did not purport to overrule its longstanding public-rights precedents. To the contrary, the Court reaffirmed the continuing validity of the public-rights exception and its prior decisions applying that exception to particular statutory schemes. 144 S. Ct. at 2127, 2131-39. And the Court cited its prior precedent specifically applying the public-rights exception to

6

the Board's unfair-labor-practice proceedings. *See id.* at 2137-38 (citing *Jones & Laughlin* and discussion of *Jones & Laughlin* in *Atlas Roofing*); *id.* at 2128 (citing section of *Curtis* distinguishing public-rights scheme at issue in *Jones & Laughlin* from other newly created statutory rights). At the very least, nothing in *Jarkesy* calls into question the continuing validity of *Jones & Laughlin* or its dispositive weight in this proceeding. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (cautioning lower courts against concluding that the Supreme Court has overruled its precedent "by implication," and directing lower courts to "follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions").[2]

In determining that the antifraud provisions at issue in *Jarkesy* fell outside the scope of the public-rights exception, the Supreme Court emphasized that the SEC's orders include civil penalties, target the same basic conduct as common-law fraud, employ the same legal terms of art, and operate pursuant to similar legal principles. 144 S. Ct. at 2135-36. Accordingly, the Court concluded that the SEC

---

[2] To the extent the Court expressed skepticism toward—while explicitly declining to overrule—certain aspects of *Atlas Roofing*, that skepticism concerned the award of civil penalties and what the Court viewed as an overly broad framing of the public-rights exception as encompassing *any* case in which "the Government sues in its sovereign capacity to enforce [newly created statutory rights]." *Jarkesy*, 144 S. Ct. at 2136-39. The Court did not call into question its discussion of *Jones & Laughlin* in *Atlas Roofing*, nor any aspect of *Jones & Laughlin* itself.

order at issue in that case "involve[d] a 'matter[ ] of private rather than public right.'" *Id.* (quoting *Granfinanciera*, 492 U.S. at 56).

By contrast—and beyond the directly on-point Supreme Court precedent foreclosing a Seventh Amendment challenge to the Board's unfair-labor-practice proceedings—it is well settled that the Board's orders "vindicate public, not private rights." *Va. Elec. & Power Co. v. NLRB*, 319 U.S. 533, 542-43 (1943) (holding that Board's discretion to fashion remedial orders is not fettered by "conventional common law or chancery principles"). The Board's proceedings are "not for the adjudication of private rights," but for the effectuation of "the declared public policy of the Act to eliminate and prevent obstructions in interstate commerce." *Nat'l Licorice Co. v. NLRB*, 309 U.S. 350, 362-63 (1940). The Board effectuates that public policy "by protecting the 'exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment.'" *Id.* (quoting 29 U.S.C. §151). In other words, the Board enforces "public right[s]" as "a public body, charged in the public interest with the duty of preventing unfair labor practices." *Id.* at 364.

In sum, *Jarkesy* did not disturb longstanding precedent holding that the Board's unfair-labor-practice proceedings are covered by the public-rights exception to the Seventh Amendment. The Court's inquiry may end there.

8

**B.   Pursuant to *Jarkesy*, the Seventh Amendment Is Not Implicated in This Case**

Although the Court may resolve any Seventh Amendment doubts based on longstanding Supreme Court precedent and the public-rights exception alone, *Jarkesy* further confirms that the Seventh Amendment is not even implicated by the Board's make-whole remedy here.  The Seventh Amendment only applies to "Suits at common law"—it does not apply to administrative adjudications that are fundamentally equitable in nature.  *Curtis*, 415 U.S. at 193-97.  And *Jarkesy* illustrates that neither the cause of action nor the disputed make-whole remedy in this case is "legal in nature."  144 S. Ct. at 2128-29.  Accordingly, the Seventh Amendment does not apply.

**1.   The cause of action here is unknown to common law**

It is well settled that the unfair-labor-practice provisions of the Act, which safeguard employees' statutory rights to engage in union activities or other concerted activities for mutual aid or protection, have no analogues at common law.  In language quoted in *Jarkesy*, 144 S. Ct. at 2137-38, the Supreme Court has conclusively held that the statutory rights established in the Act are "unknown to the common law." *Jones & Laughlin*, 301 U.S. at 48.  Here, the Board found that Macy's violated Section 8(a)(3) and (1) of the Act, 29 U.S.C. § 158(a)(3), (1), by unlawfully locking out its employees in a manner that would discourage union

membership.  *See* NLRB Br. 16-40.  As no similar cause of action exists at common law, the underlying claim cannot be described as legal in nature.

### 2.    The Board's *Thryv* remedy is equitable in nature

To remedy the unlawful conduct and to effectuate national labor policy, the Board's Order requires Macy's to make whole the impacted employees for any direct or foreseeable pecuniary harms that are proven to have been incurred as a result of the unlawful lockout.[3]  The Board explained in *Thryv*, which standardized this aspect of its make-whole orders, that such relief "[does] not punish bad actors, but rather implement[s] the statutory principles of rectifying the harms actually incurred by the victims of unfair labor practices and restoring them to where they would have been but for the unlawful conduct."  2022 WL 17974951, at *17.

The Supreme Court's opinion in *Jarkesy* makes clear that this type of make-whole relief is equitable rather than legal for purposes of the Seventh Amendment.  The Court observed that "monetary relief can be legal or equitable," and that a determinative question is whether the remedy "is designed to punish or deter the wrongdoer, or, on the other hand, solely to 'restore the status quo.'"  *Jarkesy*, 144 S. Ct. at 2129; *accord Tull v. United States*, 481 U.S. 412, 422 (1987) (distinguishing civil penalties from equitable monetary relief "intended simply to

---

[3]  The existence of any such harms has not yet been established—nor even alleged. The Board's Order defers a determination of the amount of make-whole relief owed, if any, to a subsequent compliance proceeding.  (NLRB Br. 46-48.)

extract compensation or restore the status quo"). As explained at length in *Thryv*, 2022 WL 17974951, at *10-21, the make-whole remedy that Macy's challenges here was carefully tailored to "restore the victim[s]" of unfair labor practices rather than to "punish" respondents, *Jarkesy*, 144 S. Ct. at 2129. The Board's *Thryv* make-whole remedy is properly deemed equitable.

In *Jarkesy*, by contrast, the SEC assessed the respondent civil fines totaling $300,000 under the antifraud provisions in the relevant federal securities statutes. 144 S. Ct. at 2127. Upon analysis, the Supreme Court deemed this remedy "legal rather than equitable" because the availability of the civil penalty was based on the "perceived need to punish the defendant rather than to restore the victim." *Id.* at 2129. Under the applicable statutory factors for assessing the amount of the civil penalty, the Court found that "showing that a victim suffered harm is not even required to advance a defendant from one tier to the next." *Id.* at 2130. The Court further relied on the fact that the SEC was "not obligated to return any money to victims." *Id.* Because "nothing in this analysis turn[ed] on 'restor[ing] the status quo,'" the Court found the SEC's desired remedies were "designed to be punitive." *Id.* (quoting *Tull*, 481 U.S. at 422). The same is not true here.

In addition, *Jarkesy* did not disturb the Supreme Court longstanding holding that monetary make-whole relief which is "incident to equitable relief" is itself equitable in nature. *Atlas Roofing*, 430 U.S. at 453 n.10 (discussing alternate,

11

independently sufficient holding in *Jones & Laughlin* that monetary relief ordered alongside reinstatement is equitable); *Jones & Laughlin*, 301 U.S. at 48 ("[The Seventh Amendment] has no application to cases where recovery of money damages is an incident to equitable relief even though damages might have been recovered in an action at law."). Here, the Board ordered Macy's to cease and desist from its unlawful conduct and to restore the status quo by offering the employees reinstatement without prejudice. Full make-whole relief is necessary to ensure that the employees—once reinstated—are not placed in a worse position than they would have occupied absent the unlawful conduct by Macy's. Absent such relief, the lingering coercive impact the unlawful conduct will remain.

The equitable nature of the Board's Order here is further bolstered by the important role make-whole relief plays in the statutory scheme Congress tasked the Board with effectuating. *Cf. Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 290-93 (1960) (discussing "flexible" conception of equitable relief necessary to "provide complete relief in light of the statutory purposes"); *Va. Elec.*, 319 U.S. at 543 (explaining that, in light of role such relief plays in the statutory scheme of the Act, it is wrong to characterize Board make-whole orders as "penal" or as "redress for a private wrong").

In sum, *Jarkesy* confirms that neither the cause of action nor the challenged remedy in this case is legal in nature. The Seventh Amendment is not implicated.

12

## CONCLUSION

Although the Court lacks jurisdiction to consider the Seventh Amendment issue or any such arguments by Macy's, *Jarkesy* does not call into question the Board's make-whole remedy in any event. The Board respectfully requests that the Court enforce the Board's Order in full and deny the petitions for review.

s/ Usha Dheenan
USHA DHEENAN
*Supervisory Attorney*

s/ Barbara A. Sheehy
BARBARA A. SHEEHY
*Attorney*
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570
(202) 273-2948
(202) 273-0094

JENNIFER A. ABRUZZO
    *General Counsel*

PETER SUNG OHR
    *Deputy General Counsel*

RUTH E. BURDICK
    *Deputy Associate General Counsel*

DAVID HABENSTREIT
    *Assistant General Counsel*

National Labor Relations Board

AUGUST 2024

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MACY'S INC. | ) |
| | ) |
| Petitioner/Cross-Respondent | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL LABOR RELATIONS BOARD | ) |
| | ) |
| Respondent/Cross-Petitioner | ) No. 23-150 |
| | ) |
| and | ) |
| | ) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY ENGINEERS, LOCAL 39 | ) |
| | ) |
| Intervenor | ) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY ENGINEERS, LOCAL 39 | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) Nos. 23-124, 23-188 |
| NATIONAL LABOR RELATIONS BOARD | ) Board Case No. 20-CA-270047 |
| | ) |
| Respondent | ) |
| | ) |
| and | ) |
| | ) |
| MACY'S INC | ) |
| | ) |
| Intervenor | ) |

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its supplemental brief contains 2,858 words of proportionally spaced, 14-point type in 13 pages, and the word-processing system used was Microsoft Word for Office 365.

s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 12th day of August 2024

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MACY'S INC. | ) |
| | ) |
| Petitioner/Cross-Respondent | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL LABOR RELATIONS BOARD | ) |
| | ) |
| Respondent/Cross-Petitioner | )   No. 23-150 |
| | ) |
| and | ) |
| | ) |
| INTERNATIONAL UNION OF | ) |
| OPERATING ENGINEERS, | ) |
| STATIONARY ENGINEERS, LOCAL 39 | ) |
| | ) |
| Intervenor | ) |
| | ) |
| INTERNATIONAL UNION OF | ) |
| OPERATING ENGINEERS, | ) |
| STATIONARY ENGINEERS, LOCAL 39 | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | )   Nos. 23-124, 23-188 |
| NATIONAL LABOR RELATIONS BOARD | )   Board Case No. 20-CA-270047 |
| | ) |
| Respondent | ) |
| | ) |
| and | ) |
| | ) |
| MACY'S INC | ) |
| | ) |
| Intervenor | ) |

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system.  I certify that the foregoing document was served on all parties or their counsel of record through the appellate ACMS system.

s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 12th day of August 2024