CASE NOS. 23-124, 23-150, 23-188

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MACY'S,

*Petitioner/Cross-Respondent/Intervenor*,

v.

NATIONAL LABOR RELATIONS BOARD,

*Respondent/Cross-Petitioner*,

and

INTERNATIONAL UNION OF OPERATING ENGINEERS STATIONARY ENGINEERS, LOCAL 39,

*Respondent/Cross-Petitioner/Intervenor*.

ON PETITION FOR REVIEW FROM THE NATIONAL LABOR RELATIONS BOARD,
NO. 20-CA-270047

**OPPOSITION TO MOTION TO EXTEND STAY OF MANDATE**

David A. Rosenfeld, Bar No. 058163
Bruce A. Harland, Bar No. 230477
Gary P. Provencher, Bar No. 250923
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023

*Attorneys for Intervenor,* INTERNATIONAL UNION OF OPERATING ENGINEERS STATIONARY ENGINEERS, LOCAL *39*

Petitioner and Intervenor, Local 39 opposes the Motion to Extend the Stay of the Mandate. DktEntry 130.1

Petitioner and Intervenor, Local 39, recognizes it would not be unusual for this Court to stay the Mandate in this case. However, unusual circumstances warrant denial of the request.

First, the issue of the *Thryv* remedy is moot. See attached letter to the Acting General Counsel and Region 20.

In any case, even if it is not moot, it would not be addressed for a long time until compliance procedures are initiated by the Region. During that time period, those proceedings if they occurred would be long after the Supreme Court considers the Petition for Writ of Certiorari.

Second, with respect to the lock-out, employees have now been locked-out for five years. The Union's bargaining power diminishes as the delay continues. The rights of those employees who want to return should be recognized. Employees who have been locked out for five years and those remaining employees who want to return to work should be allowed to do so.

For these reasons, the request for any extension of the stay should be denied.

Dated: December 5, 2025      Respectfully Submitted,

By:   /s/ DAVID A. ROSENFELD
David A. Rosenfeld
Bruce A. Harland
Gary P. Provencher
WEINBERG, ROGER & ROSENFELD
A Professional Corporation

*Attorneys for Intervenor,*
INTERNATIONAL UNION OF OPERATING ENGINEERS STATIONARY ENGINEERS, LOCAL 39

1

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO F.R.A.P. 15(d) and 27(d)(2)(A))**

I hereby certify pursuant to Federal Rule of Appellate Procedure 15(d) and 27(d)(2)(A) that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 189 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure and the typestyle requirements of Federal Rule of Appellate Procedure because it has been prepared with Microsoft Word 2010 in a proportional 14 point typeface in Times New Roman font.

Dated: December 5, 2025

Respectfully Submitted,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _/s/ DAVID A. ROSENFELD_
David A. Rosenfeld
Bruce A. Harland
Gary P. Provencher

_Attorneys for Intervenor_,
INTERNATIONAL UNION OF
OPERATING ENGINEERS
STATIONARY ENGINEERS, LOCAL
_39_

2

# ATTACHMENT - LETTER



**Weinberg Roger & Rosenfeld**
A Professional Corporation

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
LINDA BALDWIN JONES
ALAN G. CROWLEY
KRISTINA L. HILLMAN♣
BRUCE A. HARLAND
CAREN P. SENCER
ANNE I. YEN
MANUEL A. BOÏGUES
KERIANNE R. STEELE♣
GARY P. PROVENCHER
EZEKIEL D. CARDER▶
LISL R. SOTO
JOLENE KRAMER
CAITLIN E. GRAY
TIFFANY L. CRAIN♣
DAVID W.M. FUJIMOTO
ANDREA C. MATSUOKA
ALEXANDER S. NAZAROV
SEAN W. McDONALD◀
KATHARINE R. McDONAGH
MAXIMILLIAN D. CASILLAS▲
WILLIAM T. HANLEY

———————

BISMA SHAHBAZ
MICHAELA F. POSNER
ALEXANDER M. MILNE
WINNIE VIEN
NOREY L. NAVARRO♣
R. MAXWELL SINCLAIR
MIRANDA MAMMEN
ARDALAN "ARDY" RAGHIAN
SHANE M. REED
DOMINIQUE ARMSTRONG
MATTHEW C. FERNANDES
JONATHAN S. EZELL
MAX KOHN

———————

**OF COUNSEL**

ROBERTA D. PERKINS
ROBERT E. SZYKOWNY
ANDREA K. DON
ANTONIO RUIZ
MICHAEL J. HAYES▼
ASHLEY K. IKEDA♣
JANNAH V. MANANSALA

———————

**LABOR EDUCATOR**

NINA FENDEL (Retired Attorney)

———————

Admitted in California, unless
otherwise noted
• Admitted in Hawaii
♣ Also admitted in Nevada
▶ Also admitted in New York and
Alaska
◀ Admitted in Nevada and
Washington
▲ Also admitted in Idaho
♦ Also admitted in New York
▼ Admitted in New York

1375 55th Street
Emeryville, California 94608
TELEPHONE: (510) 337-1001
FACSIMILE: (510) 337-1023
David A. Rosenfeld
drosenfeld@unioncounsel.net

November 13, 2025

**VIA FACSIMILE & ELECTRONIC MAIL
(415) 356-5156**

Regional Director
National Labor Relations Board, Region 20
450 Golden Gate Ave., 3rd Floor, Suite 3112
San Francisco, CA 94102

William B. Cowen
Acting General Counsel
National Labor Relations Board
1015 Half Street SE
Washington, D.C. 20570-0001
Email: William.Cowen@nlrb.gov

**Re:  Macy's Inc., Case 20-CA-270047, 372 NLRB No. 42 (2023)**

Dear Regional Director & Acting General Counsel:

As the Region is aware, the 9th Circuit enforced the Board's decision and denied a Petition for Rehearing En Banc.

The Board in a footnote awarded the remedies under *Thryv, Inc.*, 372 NLRB No. 22 (2022), to the extent such harms exist.

The Charging Party is not aware of any remedies that would be encompassed within the *Thryv* concept of "other direct or foreseeable pecuniary harms incurred as a result of the unlawful lockout. …"  The Charging Party is not aware of any such remedial issues that will be presented in the compliance proceedings.

The Charging Party withdraws, waives, and foregoes any claim for any remedy that would not have been otherwise awardable in compliance proceedings under Board law as it existed before *Thryv*.  The Charging Party further affirms that it withdraws, waives, and forgoes any such claim that may appear in the future.

The Charging Party is taking this action in order to expedite resolution of the compliance issues including reinstatement and any backpay owed to the 63 workers who have been unlawfully locked out now for almost half a decade.  The Charging Party is not aware of any potential *Thryv* remedies in this case and has no evidence of the types of harms that would support *Thryv* remedies.  But even if there were any remedial claims which would not be covered by the law before *Thryv*, they would be so insignificant in comparison to the remaining remedies that they would not be worth the expense and delay of pursuing them.  We are also mindful of the very limited resources of the Board.  In addition, we recognize that the Acting General Counsel withdrew the former General Counsel's Memorandum, GC Memorandum 21-06, on expanded remedies.  See, GC Memorandum 25-05.

LOS ANGELES OFFICE
800 Wilshire Boulevard, Suite 1020
Los Angeles, CA 90017-2623
TEL 213.380.2344 FAX 213.443.5098

SACRAMENTO OFFICE
431 I Street, Suite 201
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

LAS VEGAS OFFICE
3199 E. Warm Springs Road, Suite 400
Las Vegas, NV 89120-3150
TEL 702.508.9282 FAX 510.337.1023

161877\1616939

We do not believe the Region has taken any steps to begin compliance proceedings under the Board's Regulations governing compliance proceedings, and we do not believe any evidence supporting *Thryv* remedies has been provided to the Region.  See, 29 CFR 102.54.  As such, this request will not affect any compliance work done to date and will only aid in the compliance proceedings as the Region will not have to investigate the existence of any *Thryv* remedies.

To be clear Charging Party believes that *Thryv* was correctly decided and is not beyond the Board's authority as applied to some pecuniary remedies.  But we have no desire to prolong the compliance proceedings here, especially as we are not aware of any harms in this case of the sort that *Thryv* is intended to remedy.  Under the circumstances, Charging Party withdraws any such claims for the reasons explained above.

We have advised counsel for Macy's of this request last week and counsel has not responded with any position.  We assume Macy's will not object since it is getting what it has requested regarding the *Thryv* remedy issue.

Upon remand to your office, please proceed accordingly and do not pursue any claims which would not have been otherwise encompassed within the Board's remedial precedent prior to *Thryv*.

Organize!

David A. Rosenfeld
Bruce Harland

DAR:dmt
opeiu 29 afl-cio(1)

cc:     Ruth Burdick – appellatecourt@nlrb.gov
        Daniel Schudroff – Daniel.Schudroff@jacksonlewis.com
        Dylan Bradley Carp - carpd@jacksonlewis.com
        Barbara Ann Sheehy – Barbara.sheehy@nlrb.gov
        Usha Dheenan – Usha.dheenan@nlrb.gov
        Paul Clement – paul.clement@clementmurphy.com

161877\1616939

## <u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States and an employee in the County of Alameda, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1375 55th Street, Emeryville, California 94608.

I hereby certify that on December 5, 2025, I electronically filed the foregoing

**OPPOSITION TO MOTION TO EXTEND STAY OF MANDATE**

with the United States Court of Appeals, for the Ninth Circuit, by using the Court's CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Notice of Electronic Filing by the Court's CM/ECF system.

I certify under penalty of perjury that the above is true and correct. Executed at Emeryville, California, on December 5, 2025.


By:    */s/  Denise Taylor*
　　　　　 Denise Taylor

155381\1622727